**KAZEROUNI LAW GROUP, APC**
David J. McGlothlin, Esq. (SBN: 253265)
david@kazlg.com
Mona Amini, Esq. (SBN: 296829)
mona@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, California 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

*Attorneys for Plaintiffs,*
Carolyn Campbell and Kenneth Pearce

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLYN CAMPBELL AND KENNETH PEARCE,<br><br>Plaintiffs,<br><br>vs.<br><br>EQUIANT FINANCIAL SERVICES, INC.,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**<br><br>I. **THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §§ 1692, ET SEQ.; AND**<br><br>II. **THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT CAL. CIV. CODE §§ 1788, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

//
//
//
//
//
//
//
//
//

# INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq., to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. In addition, the California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts, and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

3. Plaintiffs CAROLYN CAMPBELL AND KENNETH PEARCE ("Plaintiffs"), through Plaintiffs' attorneys, brings this action to challenge the collection efforts of EQUIANT FINANCIAL SERVICES, INC. ("Defendant") with regard to attempts by Defendant, debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiffs, and this conduct caused Plaintiffs damages.

4. Plaintiffs make these allegations on information and belief, with the exception of those allegations that pertain to the plaintiff, or to the plaintiff's counsel, which

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

- 2 -
COMPLAINT

Plaintiffs allege on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

6. Unless otherwise stated, all the conduct engaged in by Defendant took place in the State of California.

7. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

8. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that defendant named.

## JURISDICTION AND VENUE

9. This Court has federal question jurisdiction because this case arises out of violation of federal law. 15 U.S.C. § 1692k. This Court also has supplemental jurisdiction of Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

10. This action arises out of Defendant's violations of (i) the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq. ("FDCPA"); and, (ii) the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788 et seq. ("RFDCPA").

11. Because Defendant conducts business within the State of California, personal jurisdiction is established.

12. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiffs resides in the County of Orange, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and (iii) Defendant conducted business within this judicial district at all times relevant.

//

//

## PARTIES

13. Plaintiff CAROLYN CAMPBELL is a natural person who resides in the County of Orange, State of California, from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff and is a "debtor" as that term is defined by Cal. Civ. Code § 1788.2(h). In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

14. Plaintiff KENNETH PEARCE is a natural person who resides in the County of Orange, State of California, from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff and is a "debtor" as that term is defined by Cal. Civ. Code § 1788.2(h). In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15. Defendant is an Arizona corporation with a principal place of business located at 500 N. Juniper Drive, Suite 100, Chandler, Arizona 85226.

16. Defendant, in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection as that term is defined by Cal. Civ. Code § 1788.2(b), and are therefore "debt collectors" as that term is defined by Cal. Civ. Code § 1788.2(c) and 15 U.S.C. § 1692a(6).

17. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f) and a "debt" as that term is defined by 15 U.S.C. 1692a(5).

## FACTUAL ALLEGATIONS

18. At all times relevant, Plaintiffs are each an individual residing within the State of California.

19. At all times relevant, Defendant conducted business in the State of California.

20. Sometime prior to March 2022, Plaintiffs allegedly incurred a debt related to their time share with Sapphire resorts.

21. Plaintiffs currently take no position regarding the validity of the alleged debt.

22. Subsequently, the alleged debt was allegedly assigned, placed, or otherwise transferred, to Defendant for collection.

23. Beginning around March 2022 Defendant began contacting Plaintiffs by telephone in an attempt to collect Plaintiff's alleged debt.

24. On or about March 7, 2022 at approximately 9:19 p.m. Defendant initiated a telephone call to Plaintiff's cellular telephone number from Defendant's number (866) 841-3268 in an attempt to collect upon an alleged debt.

25. On or about March 16, 2022 at approximately 9:17 p.m. Defendant initiated a telephone call to Plaintiff's cellular telephone number from Defendant's number (866) 841-3268 in an attempt to collect upon an alleged debt.

26. In so doing, Defendant initiated telephonic communications to Plaintiffs' telephone at an inconvenient time before 8:00 a.m. or after 9:00 p.m. in violation of 15 U.S.C. § 1692c(a)(2). This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Therefore, Defendant has also violated Cal. Civ. Code § 1788.17 of the RFDCPA.

27. Through this conduct, Defendant engaged in conduct the natural consequence is which to harass, oppress, or abuse any person in violation of 15 U.S.C. § 1692d. This section is incorporated into the Rosenthal Act through Cal. Civ. Code § 1788.17. Thus, Defendant has violated Cal. Civ. Code § 1788.17.

28. Through this conduct, Defendant has violated 15 U.S.C. § 1692f by using unfair or unconscionable means in attempt to collect an alleged debt from Plaintiff. This section is incorporated into the Rosenthal Act through Cal. Civ. Code § 1788.17. Thus, Defendant has violated Cal. Civ. Code § 1788.17.

29. As a result of Defendant's willful unfair, oppressive, and abusive conduct described above in connection with Defendant's debt collection activity,

Plaintiffs suffer and continues to suffer actual damages. Plaintiffs have suffered invasion of privacy, emotional distress by way of stress, frustration, anxiety, anger, annoyance, and lost time and incurred expense as a result of Defendant's above-mentioned conduct in violation of the FDCPA, 15 U.S.C. §§ 1692, et seq., and the RFDCPA, Cal. Civil Code §§ 1788, et seq.

## CAUSES OF ACTION

## COUNT I

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §§ 1692, et seq. (FDCPA)

30. Plaintiffs incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA.

32. As a result of each and every violation of the FDCPA, Plaintiffs are each entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## COUNT II

## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
## Cal. Civ. Code §§ 1788, et seq. (RFDCPA)

33. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

34. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

35. As a result of each and every violation of the RFDCPA, Plaintiffs are each is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00

pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that judgment be entered in favor of each of the Plaintiffs against Defendant for:

- an award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), against Defendant;
- an award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a), against Defendant;
- an award of statutory damages of $1,000.00 for each of the Plaintiffs, pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendant;
- an award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), against Defendant;
- an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), against Defendant;
- an award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c), against Defendant; and,
- any and all other relief that this Court deems just and proper.

### DEMAND FOR JURY TRIAL

36. Plaintiffs are entitled to, and hereby demand, a trial by jury.

Dated: June 22, 2022                 Respectfully submitted,

                                      **KAZEROUNI LAW GROUP, APC**

                                By:    s/ Mona Amini
                                              DAVID J. MCGLOTHLIN, ESQ.
                                              MONA AMINI, ESQ.
                                              *Attorneys for Plaintiffs*